# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 1:00CR00087-004 |
| v. | ) | **OPINION AND ORDER** |
| **MARK EDWARDS, JR.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant has filed a motion to reduce sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5220 (2018) ("2018 FSA" or "Act"), which made retroactive certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010) ("2010 FSA"). I find the defendant eligible for relief, and I will reduce the sentence.

Section 2 of the 2010 FSA reduced the penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). After the enactment of the 2010 FSA, a violation of 21 U.S.C. § 841(a)(1) must involve at least 280 grams of cocaine base, rather than 50 grams, to trigger the 10-years-to-life penalty

range of 21 U.S.C. § 841(b)(1)(A) and 28 grams of cocaine base, rather than five grams, to trigger the 5-to-40 years penalty range of 21 U.S.C. § 841(b)(1)(B). The 2018 FSA provides that the court may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if the 2010 FSA were in effect at the time the defendant's crime was committed. 2018 FSA § 404(b).

While a defendant whose crack cocaine drug crime was committed before August 3, 2010, may be eligible for reduction in sentence, 2018 FSA § 404(a), the Act provides that the court is not required to reduce any sentence, *id.* at § 404(c). Thus, the court must first consider whether the defendant is eligible for a reduction in sentence. Second, if the defendant is eligible for reduction, the court must determine whether, and to what extent, a reduction is warranted.

The defendant was indicted in this court on September 14, 2000, and charged with traveling in interstate commerce to commit a crime of violence in violation of 18 U.S.C. § 1952(a)(3)(B) (Count Seven), possessing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1) (Count Ten), possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(3) (Count Thirteen), conspiring to possess with the intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (Count

Sixteen), and possessing with the intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count Seventeen).

On April 12, 2001, a jury found the defendant guilty of all counts. According to the Presentence Investigation Report, the defendant was held accountable for approximately 141.75 grams of cocaine base. Accordingly, he was determined to have a total offense level of 34, after an increase for obstruction of justice, and a criminal history category of III, yielding a guideline range of 188 to 235 months imprisonment for Counts Seven, Thirteen, Sixteen, and Seventeen, plus a consecutive term of 120 months for Count Ten.

On July 16, 2001, the defendant was sentenced under the then-mandatory guidelines to 308 months imprisonment, consisting of 188 months for Counts Seven, Thirteen, Sixteen, and Seventeen, and 120 months for Count Ten, to run consecutively, to be followed by five years of supervised release. Subsequently, the defendant filed motions for a reduced sentence pursuant to retroactive amendments to the U.S. Sentencing Guidelines. Based on these motions, the defendant's sentence was ultimately reduced to 240 months imprisonment, to be followed by five years of supervised release. The Bureau of Prisons calculates his current projected release date to be March 30, 2021.

The parties agree that the defendant is eligible for reduction in sentence under the 2018 FSA. Because he was charged with 50 grams or more of cocaine

base and not at least 280 grams, the new statutory sentencing range for Counts Sixteen and Seventeen is five to 40 years imprisonment and at least four years supervised release. 21 U.S.C. § 841(b)(1)(B).

I find it appropriate in determining whether to reduce the defendant's sentence, and the extent of any such reduction, to consider the sentencing factors set forth in 18 U.S.C. § 3553(a). I have reviewed the defendant's original Presentence Investigation Report and education and disciplinary data while in prison, as well as the briefs filed by counsel. Considering the sentencing factors, I will reduce the defendant's sentence to time served, to be followed by a term of supervised release of four years.

Accordingly, it is hereby **ORDERED** as follows:

1.   The Motion to Reduce Sentence, ECF No. 307, is GRANTED;

2.   <u>The defendant's sentence is hereby reduced to time served as to Counts Seven, Ten, Thirteen, Sixteen, and Seventeen, meaning that the defendant has now fully served the imprisonment imposed as to all counts and is to be released from imprisonment</u>. This imprisonment is to be followed by a total term of supervised release of four years to include an additional condition that the defendant serve a term of 6 months in a community corrections facility and obey all of the rules of the facility;

3. The defendant's sentencing judgment shall otherwise remain unchanged;

4. The effective date of this Order shall be stayed for 10 days from the date of entry to allow the processing of the defendant's release and to allow the Probation Office to approve his reentry plan; and

5. The Probation Office shall immediately transmit this Opinion and Order to the Bureau of Prisons.

ENTER: May 6, 2019

/s/ *James P. Jones*
United States District Judge