# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:00CR00087-004 |
| ) | |
| v. ) | |
| ) | **OPINION** |
| ) | |
| **MARK EDWARDS, JR.,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy C. Dickenson-Vicars, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, Mark Edwards, Jr., seeks relief under 28 U.S.C. § 2255. His claim is based on *Johnson v. United States*, 576 U.S. 591 (2015), and its progeny. The United States has conceded that the defendant's sentence under 18 U.S.C. § 924(c) must be vacated. However, the government maintains that Edwards' sentence under the Travel Act, 18 U.S.C. § 1952(a)(3), remains valid. For the reasons stated, I will vacate both sentences.

I.

The government charged Edwards and six others with drug trafficking and firearms offenses. Among other things, the Indictment alleged that Edwards, his father and brother, and a female codefendant traveled from Bristol, Virginia, to Kingsport, Tennessee, to attempt an armed robbery of a competing drug dealer and

that Edwards and other members of the group discharged firearms during the attempt. Edwards was sentenced by this court on July 16, 2001, after a jury found him guilty of five separate offenses.[1] Two of the five counts of conviction are relevant here: possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Ten), and interstate travel to promote drug trafficking and thereafter performing a crime of violence, in violation of 18 U.S.C. § 1952(a)(3)(B) (Count Seven). The predicate crime of violence for the § 924(c) crime was the Travel Act crime. The definition of "crime of violence" as used in the Travel Act is set forth in 18 U.S.C. § 16. The term means either:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16. The Supreme Court has held that § 16(b) is void for vagueness. *Sessions v. Dimaya*, 138 S. Ct. 1204, 1223 (2018).

On June 13, 2016, Edwards filed the present motion pursuant to 28 U.S.C. § 2255, in which he contended that his sentences under Counts Seven and Ten were

---

[1] The court of appeals upheld Edwards' convictions and sentences on direct appeal. *United States v. Edwards*, 38 F. App'x 134 (4th Cir. 2002) (unpublished). By order entered May 6, 2019, ECF No. 332, his total term of imprisonment was reduced to time served pursuant to the First Step Act of 2018, § 404, and he was released to a term of four years of supervised release, which he is currently serving.

invalid based upon the Supreme Court's *Johnson* decision invalidating the "crime of violence" definition in the so-called "residual clause" of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague. *Johnson*, 576 U.S. at 596–97; *Welch v. United States*, 136 S. Ct. 1257 (2016) (holding that *Johnson* applied retroactively on collateral review). I denied his § 2255 motion on October 11, 2016. The defendant appealed my decision, and the Fourth Circuit held his appeal in abeyance while the Supreme Court considered the constitutionality of § 924(c)'s similar words in *United States v. Davis*.

The Court ultimately held in *Davis* that § 924(c)(3)(B) suffered from the same unconstitutional vagueness as the ACCA's residual clause. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). The court of appeals then remanded Edwards' § 2255 motion to this court for further proceedings.

## II.

In his updated § 2255 motion, Edwards maintains that his § 924(c) conviction rested on the invalidated residual clause and his sentence must be vacated. The government concedes this point. The defendant also contends that his § 1952(a)(3) conviction rested on the invalidated "crime of violence" definition contained in § 16(b), because he was charged with a § 1952(a)(3)(B) violation that requires interstate travel to promote unlawful activity and the commission of any crime of

violence to further the unlawful activity. The specific crime of violence was not articulated at any point in the Indictment, the jury instructions, or the verdict.

The government argues that Edwards was essentially sentenced under § 1952(a)(3)(A) rather than § 1952(a)(3)(B), and I need not correct the residual clause conundrum presented by his Travel Act conviction.[2] I sentenced Edwards pursuant to § 1952(a)(3)(A) rather than § 1952(a)(3)(B) because the jury's general verdict did not specify a crime of violence. I found that § 1952(a)(3)(A) was a lesser-included offense and used that subsection to determine the appropriate sentencing range rather than § 1952(a)(3)(B). *See Jones v. United States*, 526 U.S. 227, 243 n.6 (1999) (holding that "under the Due Process Clause of the Fifth Amendment and the

---

[2] 18 U.S.C. § 1952(a) provides as follows:

> (a) Whoever travels in interstate or foreign commerce or uses the mail or any facility in interstate or foreign commerce, with intent to —
>
> (1) distribute the proceeds of any unlawful activity; or
>
> (2) commit any crime of violence to further any unlawful activity; or
>
> (3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity,
>
> and thereafter performs or attempts to perform —
>
> (A) an act described in paragraph (1) or (3) shall be fined under this title, imprisoned not more than 5 years, or both; or
>
> (B) an act described in paragraph (2) shall be fined under this title, imprisoned for not more than 20 years, or both, and if death results shall be imprisoned for any term of years or for life.

notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt").

A hearing was held on the present § 2255 motion on February 26, 2020. The government acknowledged that the Indictment, jury instructions, and verdict did not specify the crime of violence predicate for the Travel Act crime. Edwards' § 1952(a)(3)(B) conviction necessarily rested on the § 16(b) residual clause. However, the government reiterated its argument that Edwards was, in effect, sentenced pursuant to § 1952(a)(3)(A), and thus *Dimaya* and *Davis* do not require invalidation of the Travel Act conviction. The defendant and the government both noted the ambiguity of Edwards ostensibly being convicted of a § 1952(a)(3)(B) violation but sentenced for a § 1952(a)(3)(A) violation. The government also asserted that § 1952(a)(3)(A) is likely not a lesser-included offense of § 1952(a)(3)(B) because the two subsections have markedly different elements.

Regardless of how he was sentenced, Edwards was charged with and convicted of violating § 1952(a)(3)(B). Therefore, I will consider the application of *Dimaya* to the Travel Act conviction.

III.

A crime of violence is defined in § 924(c)(3) as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 924(c)(3)(A).  Prior to *Davis*, the residual clause of § 924(c)(3) encompassed any felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  18 U.S.C. § 924(c)(3)(B).  The first clause of the statute is referred to as the "force" clause, while the second clause is known as the "risk of force" clause.  As explained above, the latter clause was found to be unconstitutionally vague in *Davis*.  The government has conceded that Edwards' § 924(c) conviction should be vacated because it rested on the residual clause.

A crime of violence for purposes of § 1952(a)(2) and (a)(3)(B) is defined in 18 U.S.C. § 16, which also has two clauses.  The first clause encompasses any felony "offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 16(a).  The second clause encompassed any felony "offense that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  18 U.S.C. § 16(b).  The Supreme Court invalidated the second clause as void for vagueness. *Dimaya*, 138 S. Ct. at 1215–

16. The government has conceded that the absence of a specific crime of violence in the Indictment, jury instructions, and verdict mean that § 16(b) was likely the definition of crime of violence used to support the § 1952(a)(3)(B) conviction.

Whether the predicate crime of violence for Edwards' § 1952 conviction is based on § 16(a) or § 16(b) depends on the statutory elements of the offense rather than the facts underlying his particular convictions. *See Descamps v. United States*, 570 U.S. 254, 260–61 (2013). I find that § 1952 is divisible, and I will apply the modified categorical approach and examine the key underlying documents and the elements of the underlying crime of violence. *Haynes v. United States*, 936 F.3d 683, 687–89 (7th Cir. 2019) (holding that § 1952 is "divisible" because the text of the statute "shows that it creates some distinct offenses and is thus divisible to some extent"). I will look to the Indictment, jury instructions, and verdict to determine whether the underlying "crime of violence" supporting Edwards' § 1952(a)(3)(B) conviction is covered by the still-valid elements clause of § 16(a) rather than the residual clause of § 16(b). *See id.* at 690.

The Indictment charged Edwards with a § 1952(a)(3)(B) violation in Count Seven and it noted that the "unlawful conduct" was drug trafficking, but it did not list a specific "crime of violence." Indictment 4. Count Seven was based on the trip taken by the defendant and his co-conspirators from Bristol, Virginia, to Kingsport, Tennessee, to retrieve money stolen during a drug deal. The Indictment did not

allege any details about the trip or that the defendant fired his gun during the altercation in Tennessee, although such evidence was presented during trial. Neither the Indictment nor the jury instructions for Count Seven listed the elements of any specific crime of violence.

The instruction for Count Seven told the jury that in order to find Edwards guilty of that count, it had to find beyond a reasonable doubt:

> First, that [Mark Edwards, Jr.] traveled or caused another to travel across a state line; second, that the interstate travel was with the intent to further an unlawful activity or to promote, manage, establish, and carry on or facilitate an unlawful activity; and third, that the interstate travel resulted in actual or attempted performance of the unlawful activity. In this case, the unlawful activity is alleged to be the carrying on of a business enterprise involving narcotics and controlled substances including a crime of violence.

Trial Tr. 3-23.

A later instruction for Counts Nine and Ten defined the term "crime of violence" by providing the jury with the statutory definition from 18 U.S.C. § 16, including its now-invalidated residual clause. None of the instructions identified a particular federal or state crime of violence, such as a Hobbs Act robbery or assault with a deadly weapon.

Edwards' verdict form was based on a general Travel Act violation; it likewise did not mention or specify a crime of violence. In fact, the verdict was simply phrased: "We the jury unanimously find . . . Mark Edwards, Jr. Guilty" of "[c]rossing state lines in promotion of *a crime*." Jury Verdict (emphasis added).

- 8 -

The failure to provide the elements required to satisfy §16(a)'s definition necessarily leads to the conclusion that Edwards' §1952(a)(3)(B) conviction rested on the §16(b) residual clause definition. Therefore, his Travel Act conviction plainly does not rest on a crime of violence under the still-valid elements clause of § 16(a). Consequently, I find that Edwards' § 924(c) conviction and sentence must be vacated in light of *Davis*, and I find that his § 1952(a)(3)(B) conviction and sentence must be vacated in light of *Dimaya*.

## IV.

For these reasons, I will grant the defendant's Motion to Vacate, Set Aside, or Correct Sentence. The defendant's total sentence has been previously reduced to time served and he is currently on supervised release. As there will be no change to his term of supervised release, nor a change to its conditions, a resentencing hearing is not appropriate.

A separate final order will be entered herewith.

DATED: December 30, 2020

/s/  JAMES P. JONES
United States District Judge